IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILFRED ANDERSON, ) | CASE NO. 1:21 CV 1106 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| JACK ENTERTAINMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Wilfred Anderson filed this tort action against Jack Cleveland Casino, LLC (Defendant contends Plaintiff incorrectly identified them as Jack Entertainment, LLC). In the Complaint, Plaintiff contends he was injured when he tripped over a glass coffee table in the Jack Cleveland Casino. He claims Jack Cleveland Casino was negligent in placing the table in a foot traffic area. He seeks $ 1,200,000.00 in damages.

**Factual and Procedural Background**

Plaintiff indicates that on October 19, 2019, he was walking in the Jack Casino in Cleveland when he failed to notice a glass top coffee table in a foot traffic area of the bar and gaming floor. He states he tripped over the table injuring his shins, ankle and right hand. He contends the Defendant was negligent in placing the table in this area, as the glass top made it invisible to anyone walking in that area.

**Standard of Review**

Federal courts are always "under an independent obligation to examine their own

jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and may not entertain an action over which jurisdiction is lacking. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by the Court on its own Motion at any stage of the proceedings. *Curry v. U.S. Bulk Transport, Inc.* 462 F.3d 536, 539-40 (6th Cir. 2006); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988). *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*,

915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff does not indicate of which state he is a citizen; however, he lists his address as Cleveland, Ohio. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff does not provide the citizenship of Jack Cleveland Casino, LLC. He indicates it maintains an Ohio place of business. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, does not suggest that the Plaintiff and Defendant are citizens of different states. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the words of the Complaint to determine whether the allegations ultimately involve a federal

question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. His only claim in this case is one of negligence. Negligence is a tort claim arising, if at all, under state tort law. It does not provide a basis for federal question subject matter jurisdiction.

### Conclusion

Accordingly, this action is dismissed for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: September 21, 2021